Yushuo Sean Liou, Esq. SBN 304184
303 E Valley Blvd Unit D
Alhambra, CA 91801
Phone: (626) 766-1536
Email Address: immigration@liouesq.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAIFENG WU,<br>LI WANG,<br>YUHANG WU,<br>YUTONG WU,<br><br>      Plaintiffs,<br><br>  vs.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; LOS ANGELES ASYLUM OFFICE; ALEJANDRO MAYORKAS; UR M. JADDOU; DAVID RADEL; AND DOES 1-10<br><br>      Defendants. | Case No.: 8:24-cv-01697<br><br>**COMPLAINT FOR INJUNCTIVE AND MANDAMUS RELIEF** |

Plaintiffs HAIFENG WU (Alien No.: 213-178-519), LI WANG (Alien No.: 213-178-520), YUHANG WU (Alien No.: 213-178-521), and YUTONG WU (Alien No.: 213-178-522), through their counsel allege as follows:

## INTRODUCTION

1. This action is brought by Plaintiff Haifeng Wu, derivative spouse Li Wang, derivative children Yuhang Wu and Yutong Wu, to compel Defendants and those acting under them to rule upon the Application for Asylum duly filed on or around July 10, 2019. (Please see Exhibit A, USCIS Forms I-797C).

## PARTIES

2. Plaintiffs Haifeng Wu, his spouse Li Wang, and their children Yuhang Wu and Yutong Wu are citizen of China who currently resides in the City of Laguna Beach, County of Orange, State of California.

3. Defendant UNITED STATES DEPARTMENT OF HOMELAND SECURITY (DHS) is an agency of the United States government responsible for implementing the Immigration and Nationality Act.

4. Defendant UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS) is a component of DHS, overseeing the Los Angeles Asylum Office and officers named as defendants in this Complaint.

5. Defendant LOS ANGELES ASYLUM OFFICE is an office within USCIS with direct authority and responsibility to adjudicate Plaintiffs' asylum application.

6. Defendant ALEJANDRO MAYORKAS (or whoever is currently in the position) is the Secretary of the U.S. Department of Homeland Security and is sued in his official capacity only.

7. Defendant UR M. JADDOU (or whoever is currently in the position) is the Director of USCIS and is sued in his official capacity only.

8. Defendant DAVID RADEL (or whoever is currently in the position) is the Director of the Los Angeles Asylum Office and is sued in his official capacity only.

## JURISDICTION AND VENUE

9. Plaintiff, who filed an asylum application pursuant to the Immigration and Nationality Act in 2019, is bringing an action against agencies of the United States, for mandamus relief.

10. This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1331 which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The Immigration and Nationality Act is a law of the United States.

11. This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1346(a)(2) where the United States is a Defendant.

12. This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. §1361, which provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

13. The Administrative Procedures Act provides a right of judicial review for any "suffering legal wrong because of an agency action or aggrieved or adversely affected by such action within the meaning of any relevant statutes." 5 U.S. C. § 702. Plaintiffs suffered a legal

wrong because of the Defendants' failure to adjudicate their asylum application in a reasonable time.

14. Venue is proper in this District under 28 U.S.C. § 1391(e), because Plaintiff resides in the County of Orange and no real property is involved in this matter, and in addition, a substantial part of the events and omissions giving rise to the claim occurred in this District.

## FACTUAL ALLEGATIONS

15. On or about July 10, 2019, Plaintiff Haifeng Wu, along with his spouse Li Wang, and derivative children Yuhang Wu and Yutong Wu filed Form-589, application for asylum with the USCIS (receipt number ZLA1941634290). Following regulations, biometrics were taken on July 26, 2019.

16. As of August 5, 2024, Plaintiffs' application status remains unchanged as pending despite numerous inquiries, without any indication of the date on which their interview will be scheduled, or any explanation from Defendants why the interview is pending.

17. Upon information and belief, more than tens of thousands of asylum applications have been adjudicated by the USCIS since Plaintiff's filing of application to this date.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

18. No exhaustion requirements apply to Plaintiff's complaint for a writ of mandamus. Plaintiff is owed a duty by the USCIS to adjudicate her duly filed application for asylum. Plaintiff has

no other adequate remedy available for the harm she seeks to redress – the failure of the USCIS to process her application in a timely manner.

# FIRST CAUSE OF ACTION

# MANDAMUS RELIEF

19. Pursuant to the Immigration and Nationality Act ("INA"), in the absence of exceptional circumstances, the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed. 8 U.S.C. § 1158(d)(5)(A)(ii). In the absence of exceptional circumstances, final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed. 8 U.S.C. § 1158(d)(5)(A)(iii).

20. Defendant willfully and unreasonably delayed its action and failed to adjudicate Plaintiff's application. More than 5 years have passed since Plaintiff's application for asylum was received by the USCIS; however, Defendant has failed to schedule an interview with Plaintiff.

21. Defendants' inaction has caused irreparable harm to Plaintiffs due to the uncertainty of how their application for asylum may go about and how they may arrange their personal life and career accordingly. Plaintiffs cannot plan to travel outside the United States because their asylum application may be deemed abandoned, they cannot vote in local, state and federal elections, and they are uncertain whether they may continue with the current employment or whether they will be forced to go back to the country where they fear to be persecuted.

22. Under 28 U.S.C. §1361, the Court has the original jurisdiction of any action in the nature of a mandamus to compel the Defendants, officers and agencies of the United States, to perform a duty owed to the Plaintiffs.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

23. The Administrative Procedure Act Provides "a reviewing court shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

24. Defendants' delay in processing Plaintiff's application for asylum case is unreasonable given defendants' failure to schedule an initial interview for Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

25. Compel Defendant and those acting under her to perform their duty by scheduling an interview for Plaintiff regarding her application for asylum, and determine her eligibility within a reasonable time.

26. Grant such other and further relief as this Court deems proper.

Dated this 5th day of August, 2024

    /s/ Yushuo Sean Liou
    Yushuo Sean Liou, Esq
    Attorney for Plaintiffs